UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICKEY DENNIS COOPER,<br><br>　　　　Petitioner,<br><br>vs.<br><br>ELDON K. McDANIEL, *et al.*,<br><br>　　　　Respondents. | 3:97-cv-0222-JCM-RAM<br><br>**ORDER** |

　　　　This action is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, by Rickey Dennis Cooper, a Nevada prisoner represented by counsel. Pending before the court are respondents' motion to dismiss (Docket #72), petitioner's opposition (Docket #80), and respondents' reply (Docket #88).

**I.　　Procedural History**

　　　　Petitioner was charged with attempted robbery with the use of a deadly weapon, attempted murder with the use of a deadly weapon, battery with the use of a deadly weapon, and murder with the use of a deadly weapon. Following a jury trial, petitioner was found guilty of attempted robbery with the use of a deadly weapon, battery with the use of a deadly weapon, attempted murder with the use of a deadly weapon, and first degree murder with the use of a deadly

1   weapon. (Exhibit 25).[1] Petitioner was sentenced as follows: On Count 1, 7½ years for the robbery
2   and a consecutive 7½ years for the use of a deadly weapon; on Count 2, to a term of 20 years for
3   attempted murder and a consecutive term of 20 years for the use of a deadly weapon, with said
4   sentence to run consecutive to the sentence imposed in Count 1; on Count 3, to a term of 10 years for
5   battery, with the sentence to run consecutive to the sentences imposed in Count 2; on Count 4, to life
6   without the possibility of parole for first degree murder and a consecutive term of life without the
7   possibility of parole for the use of a deadly weapon, said sentence to run consecutive to the sentence
8   imposed in Count 3. Petitioner was credited 266 days for time served. (Exhibit 25). Petitioner
9   appealed his conviction. (Exhibit 30). On May 15, 1986, the Nevada Supreme Court dismissed the
10  appeal. (Exhibit 30).

11          On December 8, 1986, petitioner filed his first post-conviction state habeas corpus
12  petition in the Eighth Judicial District Court. (Exhibit 33). Petitioner filed an amended petition on
13  May 22, 1987. (Exhibit 34). On November 2, 1987, the state district court filed its order denying
14  petitioner's state habeas petition. (Exhibit 39). Petitioner appealed from the denial of his state
15  habeas petition. (Docket #42, #46). On September 21, 1988, the Nevada Supreme Court filed its
16  order dismissing petitioner's appeal. (Exhibit 46).

17          On July 12, 1990, petitioner filed a second post-conviction state habeas petition.
18  (Exhibit 54). On November 2, 1990, the state district court dismissed the petition. (Exhibit 56).
19  Petitioner appealed. (Exhibit 67). On June 27, 1991, the Nevada Supreme Court dismissed the
20  appeal. (Exhibit 67).

21          On November 16, 1993, petitioner filed his first federal habeas petition, initiating case
22  number CV-N-93-685-DWH. On February 21, 1995, the petition was denied without prejudice.
23  (Docket #16 in CV-N-93-685-DWH). An amended petition was filed on May 21, 1995. (Docket
24  #26 in CV-N-93-685-DWH). On February 29, 1996, this court adopted the recommendation of the
25  magistrate judge and dismissed the amended petition without prejudice. (Docket #37 in CV-N-93-
26

---

[1] The exhibits referenced in this order are found in the court's record at Docket #52-#66.

1 685-DWH).

2 On April 23, 1997, petitioner filed a federal habeas petition in this court under the case number CV-N-97-0222-DWH-RAM.  The court appointed the Office of the Federal Public Defender to represent petitioner.  (Docket #3).  An amended petition was filed on February 7, 1998.  (Docket #11).  A second amended petition was filed on February 17, 1998.  (Docket #23).  The magistrate judge filed report and recommendations, concluding that all claims presented in the second amended petition were unexhausted.  (Docket #37).  On February 23, 1999, the district judge adopted the recommendation of the magistrate, and the petition was dismissed without prejudice.  (Docket #41).

On August 21, 1997, petitioner filed a third post-conviction state habeas petition.  (Exhibit 73).  The state district court denied the petition.  (Exhibit 76).  Petitioner appealed the denial of the petition.  (Exhibit 80).  On July 24, 2000, the Nevada Supreme Court found the petition to be untimely, as it was filed more than 11 years after remittitur issued from the direct appeal.  (Exhibit 81, at p. 2).  The court also found the petition was successive.  (Exhibit 81, at p. 2).  The court held that the petition was procedurally barred absent a demonstration of cause and prejudice.  (*Id.*).  The Nevada Supreme Court affirmed the state district court's judgment, except in regard to petitioner's claim that a witness to the murder, Donnell Wells, had recanted his trial testimony and alleged that he had been pressured and paid to testify.  (Exhibit 81, at p. 3, fn.1).  The court concluded that this claim, if true, might provide cause to excuse procedural defects and entitle petitioner to relief.  (Exhibit 81, at pp. 3-4).  As to the remaining contentions, the Court concluded that petitioner had failed to demonstrate cause and prejudice to excuse the procedural defects.  (Exhibit 81, at p. 3, fn.1).  The state district court conducted an evidentiary hearing.  (Exhibits 94A and 100).  The state district court denied the petition, finding that it was procedurally barred as untimely and successive.  (Exhibits 107 and 113).

Petitioner again appealed.  (Exhibit 115).  On March 2, 2006, the Nevada Supreme Court affirmed the denial of the state habeas petition.  (Exhibit 124).  Remittitur issued on May 16,

2006. (Exhibit 128).

On May 12, 2006, petitioner filed a motion to re-open this action. (Docket #45). By order filed September 27, 2006, this action was re-opened. (Docket #50). Petitioner, through counsel, filed a third amended petition on November 9, 2006. (Docket #51).

## II.     Discussion

Respondents have moved for dismissal of the third amended petition in the instant motion, asserting several grounds, including procedural default.[2] As noted above, this court dismissed the second amended complaint as the grounds for relief were unexhausted. (Docket #37 and #41). Petitioner returned to state court to exhaust his claims by filing a third post-conviction state habeas petition. (Exhibit 73). The Nevada Supreme Court concluded that the third state petition was untimely and successive, and therefore was procedurally barred. (Exhibits 81 and 124). The grounds presented in the federal third amended petition mirror the claims contained in the third state habeas petition.

### A.     General Principles of Procedural Default

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural

---

[2] As discussed below, the court finds the procedural default argument to be dispositive and thus does not address respondents' remaining arguments.

4

default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default. *Murray*, 477 U.S. at 488. However, for ineffective assistance of counsel to satisfy the cause requirement, the independent claim of ineffective assistance of counsel, itself, must first be presented to the state courts. *Murray*, 477 U.S. at 488-89. In addition, the independent ineffective assistance of counsel claim cannot serve as cause if that claim is procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).

With respect to the prejudice prong of cause and prejudice, the petitioner bears:

> the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension.

*White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170 (1982). If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

**B.    There was Procedural Default in State Court**

In the instant case, on appeal from the denial of petitioner's third post-conviction state habeas petition, the Nevada Supreme Court ruled in its order of July 24, 2000, that:

> Appellant filed his 1997 petition more than eleven years after the remittitur issued from appellant's direct appeal. Thus, appellant's petition was untimely. See NRS 34.726(1). Moreover, appellant's petition was successive because he had previously filed two post-conviction petitions. See NRS 34.810(2). Therefore, appellant's petition was procedurally barred absent a demonstration of good cause a prejudice. See NRS 34.726(1); NRS 34.810.3. Further, because the

5

> State pleaded laches, appellant was required to overcome the presumption of prejudice to the State. See NRS 34.800(2).

(Exhibit 81, at p. 2). After remand to state court for an evidentiary hearing on the issue of cause and prejudice, petitioner appealed the ultimate denial of his third state habeas petition. (Docket #115). The Nevada Supreme Court, in its last reasoned decision on the petition, reiterated that the petition was untimely under NRS 34.726(1) and successive under NRS 34.810(2). (Order filed March 2, 2006, at Exhibit 124, at p. 12). The Nevada Supreme Court concluded that petitioner failed to demonstrate cause and prejudice to overcome the procedural bars to the petition and did not rebut the presumption that his late claim prejudiced the state. (Exhibit 124, at pp. 17-18).

### C. The Procedural Default was an Independent and Adequate Ground for the Nevada Supreme Court's Disposition of Petitioner's Claims

"In order to constitute adequate and independent grounds sufficient to support a finding of procedural default, a state rule must be clear, consistently applied, and well-established at the time of the petitioner's purported default." *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994). Both NRS 34.726 and 34.810 have been held on numerous occasions to be adequate state law procedural rules barring federal review. *See Moran v. McDaniel,* 80 F.3d 1261 (9th Cir. 1996); *Bargas v. Burns,* 179 F.3d 1207 (9th Cir. 1999); *Valerio v. Crawford,* 306 F.3d 742 (9th Cir. 2002); *Vang v. State of Nevada,* 329 F.3d 1069, 1074 (9th Cir. 2003). This court therefore finds that the Nevada Supreme Court's holding that petitioner's state habeas petition was procedurally barred under NRS 34.726(1) and NRS 34.810(2) constituted independent and adequate grounds for the dismissal petitioner's third state habeas petition. Because the petition was denied on adequate and independent state law grounds, this court is barred from considering those same grounds now.

### D. Petitioner's Arguments Regarding Cause and Prejudice

To overcome a procedural default, a petitioner must establish either (1) "cause for the default and prejudice attributable thereto," or (2) "that failure to consider [his defaulted] claim[s] will result in a fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989) (citations omitted). Petitioner also must show prejudice to excuse the procedural default. The

prejudice that is required as part of the showing of cause and prejudice to overcome a procedural default is "actual harm resulting from the alleged error." *Vickers v. Stewart*, 144 F.3d 613, 617 (1998); *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). Petitioner argues that there was cause and prejudice for his procedural default.

Cause to excuse a procedural default exists if a petitioner can demonstrate that some objective factor external to the defense impeded the petitioner's efforts to comply with the state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 755 (1991); *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998). As to cause, petitioner asserts that the Nevada Supreme Court affirmed the state district court's finding that he had established cause for the late filing of his third state habeas petition. The Nevada Supreme Court stated: "He [petitioner] demonstrates cause for not raising this claim earlier since Wells's recantation revealed an impediment external to the defense and was not available until Wells spoke up." (Exhibit 124, at p. 17). This statement applies to the claim regarding Wells's recantation and not to the entire petition.

Petitioner asserts that there is cause and prejudice to overcome the procedural bars as to newly discovered evidence of witness Wells's recantation, the prosecution's alleged *Brady* violations, and ineffective assistance of trial and appellate counsel.

With respect to Wells's recantation testimony at the evidentiary hearing, the Nevada Supreme Court agreed with the state district court that Wells's testimony lacked credibility and was "far-fetched." (Exhibit 124, at p. 15). "Regardless of the sincerity of Wells's hearing testimony, his recantation of his trial testimony was not consistent, clear or complete, and we conclude that the recantation was not material." (*Id.*). "So Wells has not recanted his testimony indicating that Cooper had a motive to shoot Williams." (*Id.*). This court has reviewed the evidentiary hearing testimony, and other parts of the record concerning Wells's recantation of his trial testimony, and finds that it is not material, and thus, does not constitute prejudice. As to the promise of money allegedly paid to Wells for his trial testimony, the Nevada Supreme Court concluded that "it appears that Wells was simply paid witness fees for his trial appearance and pretrial meetings with

7

1  investigators." (Exhibit 124, at p. 16).  The Nevada Supreme Court concluded "that substantial
2  evidence supports finding that the investigators did not act improperly and therefore that the State
3  did not withhold evidence in violation of Brady." (*Id.* at 17).  Again, on review of the record, this
4  court also does not find cause and prejudice to excuse petitioner's procedural default.
5       Petitioner argues that attorney error was the cause of his procedural default.
6  Petitioner argues trial, appellate counsel, and post-conviction counsel made "numerous errors" -- that
7  counsel failed to ensure the presence of trial and appellate counsel at the evidentiary hearing,
8  inadequately investigated the case, "failed to raise numerous issues on appeal . . . and failed to ensure
9  that Mr. Cooper had an adequate post-conviction process . . . . " (Docket #80 at pp. 76-77).
10      In order to prevail on a claim of ineffective assistance of counsel, a petitioner must
11 show that counsel's performance was deficient and that he suffered actual prejudice as a result.  *See*
12 *Strickland v. Washington,* 466 U.S. 668, 687-90 (1984).  There is no duty for appellate counsel to
13 raise every colorable or non-frivolous claim that is recognized or suggested by a client.  *Jones v.*
14 *Barnes*, 463 U.S. 745, 751-754 (1983) ("Experienced advocates since time beyond memory have
15 emphasized the importance of winnowing out weaker arguments on appeal and focusing on one
16 central issue if possible, or at most a few key issues.").  Petitioner fails to demonstrate that trial,
17 appellate, or post-conviction counsel's performance was deficient.  And, because petitioner has not
18 shown that the omitted claims would, in fact, have been meritorious, he has not shown the prejudice
19 to overcome the procedural default of his claims.
20      **E.   Petitioner's Arguments Regarding Fundamental Miscarriage of Justice**
21      This standard is met only when a petitioner can make a showing of "actual
22 innocence," which requires first presenting the court with new evidence which raises a sufficient
23 doubt as "to undermine confidence in the result of the trial."  *Schlup v. Delo*, 513 U.S. 298, 317
24 (1995).  Under *Schlup*, "actual innocence" is established when, in light of all of the evidence, "it is
25 more likely than not that no reasonable juror would have convicted [the petitioner]."  *Bousley v.*
26 *United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup*, 513 U.S. at 327-28).  The petitioner must

establish his factual innocence of the crime, and not mere legal insufficiency. *Id.; Jaramillo v. Stewart*, 340 F.3d 877, 882-83 (9th Cir. 2003).

Petitioner alleges that "[g]iven the numerous constitutional violations, outlined in the instant petition, Mr. Cooper submits that failure for this Court to hear the merits of his claims would result in a fundamental miscarriage of justice." (Docket #80, at p. 83). Petitioner has failed to demonstrate a miscarriage of justice or the discovery of new evidence sufficient to support a claim of actual innocence.

### III. Certificate of Appealability

The court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability. In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9thCir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Where the court has dismissed a petitioner's habeas corpus petition on procedural grounds, however, the determination whether a certificate of appealability ("COA") issue becomes a two-part test. The Supreme Court has held that under such circumstances:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural

ruling.

*Slack,* 529 U.S. at 484. Therefore, in order to obtain a COA in cases dismissed on procedural grounds, petitioner has the burden of demonstrating both that he was denied a valid constitutional right, *and* that jurists of reason would find it debatable whether the court's procedural ruling was correct. In cases where there is a plain procedural bar to a petitioner's claims and the district court is correct to invoke that procedural bar to dispose of the case, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Under those circumstances "no appeal would be warranted." *Id.* Furthermore, the court may resolve either issue first when the answer to one issue is more apparent from the record and arguments. *Id.* at 485; *see Petrocelli v. Angelone,* 248 F.3d 877, 884 (9th Cir. 2001).

In the present case, this court has ruled that the third amended federal habeas petition is procedurally barred. No reasonable jurist could conclude that this court's procedural ruling was in error. Petitioner is not entitled to proceed further, and is not entitled to a certificate of appealability.

**IV.   Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (Docket #72) is **GRANTED** and the third amended petition is **DISMISSED WITH PREJUDICE**. The clerk **SHALL ENTER JUDGMENT** accordingly.

**IT IS FURTHER ORDERED** that petitioner is **DENIED** a certificate of appealability.

DATED this 11th day of August, 2008.

UNITED STATES DISTRICT JUDGE