1

2

3

4

5

6

7

8

9

10

11

12

13

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RICKEY DENNIS COOPER,       ) | |
|       Petitioner,       ) | 3:97-cv-0222-JCM-WGC |
|       ) | **ORDER** |
| vs.       ) | |
|       ) | |
| ELDON K. McDANIEL, *et al.*,       ) | |
|       ) | |
|       Respondents.       ) | |

14

15

16

17

        This action is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, by Rickey

Dennis Cooper, a Nevada prisoner represented by counsel.  Pending before the court is respondents'

motion to dismiss (ECF No. 121).

**I. Background and Procedural History**

18

19

        **A. State Court Proceedings**

        Petitioner was charged in the Eighth Judicial District Court, Clark County, Nevada, with count

20

21

22

I, attempted robbery with the use of a deadly weapon; count 2, attempted murder with the use of a deadly

weapon, count 3, battery with the use of a deadly weapon; and count 4, murder with the use of a deadly

weapon.  (Exhibit 4).[1]  Petitioner plead not guilty on all four counts.  A jury trial was held November

23

24

1-4, 1983.  (Exhibit 15).  The jury returned guilty verdicts on all counts.  (Exhibit 17).  On November

25

26

        [1]  The exhibits filed in this action at ECF Nos. 5, 6, and 7 are repeated at ECF Nos. 52-66
(exhibits 1-133).  Supplemental exhibits were later filed at ECF No. 125 (exhibits 135-143).  Unless
otherwise stated, the exhibits referenced in this order are found in the court's record at ECF Nos. 52-66,
and 125.

7, 1983, a penalty hearing was held.  The jury imposed a sentence of life without the possibility of parole.  (Exhibit 20).  A sentencing hearing was held on January 5, 1984, at which petitioner was sentenced as follows:  On count 1, 7½ years for the robbery and a consecutive 7½ for the use of a deadly weapon; on count 2, to a term of 20 years for attempted murder and a consecutive term of 20 years for the use of a deadly weapon, with said sentence to run consecutive to the sentence imposed in count 1; on count 3, to a term of 10 years for battery, with the sentence to run consecutive to the sentences imposed in count 2; on count 4, to life without the possibility of parole for first degree murder and a consecutive term of life without the possibility of parole for the use of a deadly weapon, said sentence to run consecutive to the sentence imposed in count 3.  (Exhibit 22).  The judgment of conviction was filed on January 20, 1984.  (Exhibit 25).  Petitioner appealed his conviction.  (Exhibit 26).  Petitioner filed his opening brief on December 31, 1984.  (Exhibit 28).  On May 15, 1986, the Nevada Supreme Court dismissed the appeal.  (Exhibit 30).

On December 8, 1986, petitioner filed his first post-conviction state habeas corpus petition in the Eighth Judicial District Court.  (Exhibit 33).  Petitioner filed an amended petition on May 22, 1987.  (Exhibit 34).  The state district court denied petitioner's state habeas petition.  (Exhibits 39 & 40).  Petitioner appealed from the denial of his state habeas petition.  (Exhibit 42).  On September 21, 1988, the Nevada Supreme Court filed its order dismissing petitioner's appeal.  (Exhibit 46).

On July 12, 1990, petitioner filed a second post-conviction state habeas petition.  (Exhibit 54).  On November 2, 1990, the state district court dismissed the petition.  (Exhibit 56).  Petitioner appealed.  (Exhibit 57).  On June 27, 1991, the Nevada Supreme Court dismissed the appeal.  (Exhibit 67).

**B.  Original Writ to the Nevada Supreme Court**

On December 26, 1996, petitioner, filed a *pro per* document entitled "original petition for a writ of habeas corpus, or in the alternative, petition for a writ of supervisory control" with the Nevada Supreme Court.  (Exhibits 70 & 71).  Petitioner alleged a violation of his due process rights when the trial court improperly permitted introduction of evidence that petitioner was a gang leader and precluded mitigating evidence at sentencing, and raised a claim of ineffective assistance of appellate counsel.  (*Id.*).

2

1   On February 24, 1997, the Nevada Supreme Court denied the petition.  (Exhibit 72).

2   **C.  Federal Habeas Petition, CV-N-93-685-DWH**

3       On November 16, 1993, petitioner filed his first *pro se* federal habeas petition, initiating case

4   number CV-N-93-685-DWH.  On February 21, 1995, the petition was denied without prejudice.  (ECF

5   No. 16 in CV-N-93-685-DWH).  An amended petition was received by this court on May 3, 1995.  (ECF

6   No. 21).  On May 21, 1995, the court ordered the amended petition filed.  (ECF No. 26).  On February

7   29, 1996, this court adopted the recommendation of the magistrate judge and dismissed the amended

8   petition without prejudice.  (ECF No. 37).

9   **D.  Federal Habeas Petition, 3:97-cv-0222-DWH-RAM**

10      On March 18, 1997, petitioner signed a federal habeas petition, which was received by this court

11  on April 16, 1997, and filed under the case number CV-N-97-0222-DWH-RAM.  (ECF No. 4).  This

12  court ordered the petition to be filed on April 23, 1997, and appointed the federal public defender to

13  represent petitioner.  (ECF No. 3).  In the same order, this court directed the clerk of court to remove

14  exhibits A-T and exhibits 1-67 from the prior action CV-N-93-685-DWH (at ECF Nos. 9, 19, and 20

15  in CV-N-93-685-DWH) and file those exhibits in the instant action.  (ECF No. 3).  Exhibits A-T and

16  1-67 were filed in the instant action at ECF Nos. 5, 6, 7.

17      Through counsel, petitioner submitted an amended petition to this court on July 11, 1997.  (ECF

18  No. 11).  Following respondents' motion for compliance with Rule 2, a second amended petition was

19  filed on February 17, 1998, again through petitioner's counsel.  (ECF No. 23).  Respondents brought a

20  motion to dismiss the second amended petition.  (ECF No. 28).  On October 7, 1998, the magistrate

21  judge filed a report and recommendation, concluding that all claims presented in the second amended

22  petition were unexhausted.  (ECF No. 37).  On February 23, 1999, the district judge adopted the

23  recommendation of the magistrate judge, and the petition was dismissed without prejudice.  (ECF No.

24  41).

25  **E.  Return to State Court: Third State Habeas Petition**

26      With the assistance of counsel, petitioner returned to state court to exhaust his unexhausted

claims.  On August 21, 1997, petitioner, filed a third post-conviction state habeas petition.  (Exhibit 73).  The state district court denied the petition.  (Exhibit 76).  Petitioner appealed the denial of the petition.  (Exhibit 80).  On July 24, 2000, the Nevada Supreme Court found the petition to be untimely, as it was filed more than 11 years after remittitur issued from the direct appeal.  (Exhibit 81, at p. 2).  The court also found the petition was successive.  (Exhibit 81, at p. 2).  The court held that the petition was procedurally barred absent a demonstration of cause and prejudice.  (*Id.*).  The Nevada Supreme Court affirmed the state district court's judgment, except in regard to petitioner's allegations that an eyewitness to the murder, Donnell Wells, had recanted his trial testimony and that the prosecutor withheld evidence that Wells had alleged that he had been paid by the police to testify at trial.  (Exhibit 81, at p. 3).  The Nevada Supreme Court concluded that this claim, if true, might provide cause to excuse procedural defects and entitle petitioner to relief.  (Exhibit 81, at pp. 3-4).  As to the remaining contentions, the court concluded that petitioner had failed to demonstrate cause and prejudice to excuse the procedural defects.  (Exhibit 81, at p. 3, fn.1).

On remand, the state district court conducted an evidentiary hearing on February 27, 2004, regarding petitioner's allegations that Donnell Wells had recanted his trial testimony and that the prosecutor withheld evidence that Wells had alleged that he had been paid by the police to testify at trial.  (Exhibit 100).  Petitioner's evidentiary hearing brief, appendix, and exhibits were filed on February 27, 2004.  (Exhibits 99).  The state district court ultimately denied the petition, finding that the petition was procedurally defaulted.  (Exhibits 107 and 113).

Petitioner appealed the state district court's denial of the petition.  (Exhibit 115).  On March 2, 2006, the Nevada Supreme Court affirmed the denial of the state habeas petition.  (Exhibit 124).  Remittitur issued on May 16, 2006.  (Exhibit 128).

**F.  Reopening and Continued Proceedings, 3:97-cv-0222-JCM-WGC**

On May 12, 2006, petitioner filed a motion to re-open this action.  (ECF No. 45).  On June 13, 2006, the instant case was reassigned to the undersigned.  (ECF No. 46).  By order filed September 27, 2006, this action was re-opened.  (ECF No. 50).  Petitioner, through counsel, filed a third amended

petition on November 9, 2006.  (ECF No. 51).  Shortly thereafter, on November 14, 2006, petitioner filed exhibits 1-133.  (ECF Nos. 52-66).

Respondents filed a motion to dismiss the third amended petition. (ECF No. 72).  Petitioner filed an opposition.  (ECF No. 80).  Respondents filed a reply.  (ECF No. 88).  Petitioner filed a supplemental briefing to the reply consisting of a table of contents and table of authorities to the opposition to the motion to dismiss.  (ECF No. 90).  By order filed August 11, 2008, this court entered an order granting respondents' motion to dismiss the third amended petition on the sole ground that all claims in the third amended petition were procedurally defaulted and petitioner had not shown cause and prejudice, or a fundamental miscarriage of justice to excuse the default.  (ECF No. 91).  Judgment was entered that same date.  (ECF No. 92).

### G.  Appeal to the Ninth Circuit Court of Appeals, Appeal No. 08-16973 and Published Memorandum Opinion, *Cooper v. Neven*, 641 F.3d 322 (9th Cir. 2011)

Following dismissal of the third amended petition and the entry of judgment, petitioner filed a notice of appeal.  (ECF No. 93).  On November 3, 2009, the Court of Appeals for the Ninth Circuit granted petitioner's request for a certificate of appealability on the following issue: "Whether the district court properly dismissed appellant's third amended habeas petition as procedurally defaulted."  (ECF No. 98, at p. 1).  In a published memorandum opinion, filed April 1, 2011, the Ninth Circuit affirmed in part, reversed in part, and remanded the case to this court for further proceedings.  (ECF No. 103; *Cooper v. Neven*, 641 F.3d 322 (9th Cir. 2011)).  Regarding grounds 3A and 4 of the third amended petition, the Ninth Circuit affirmed this court's dismissal of these grounds as procedurally defaulted.  (ECF No. 103, at p. 11; *Cooper v. Neven*, 641 F.3d at 330).  As to grounds 7A(3), 8(5), and 8(3), the Ninth Circuit ruled that these claims were exhausted and not procedurally defaulted, as follows: "Because each of these grounds was denied on the merits in the Nevada Supreme Court, we reverse the district court's dismissal of these claims as procedurally defaulted."  (ECF No. 103, at p. 12; *Cooper v. Neven*, 641 F.3d at 331).  As to grounds 9 and 10, the Ninth Circuit affirmed this court's dismissal of the grounds on the basis that they are not cognizable claims for habeas review.  (ECF No. 103, at p. 13, *Cooper v. Neven*, 641 F.3d at 331).  In reversing this court's dismissal the "*Brady* and *Napue* related

claims" (grounds 1 and 2 of the third amended petition) as procedurally barred, the Ninth Circuit ruled that the Nevada Supreme Court's cause-and-prejudice analysis regarding the application of state procedural rules was not "independent" of federal law, because the Nevada Supreme Court's analysis was based on the merits of the petitioner's federal *Brady* claim.  (ECF No. 103, at pp. 13-15; *Cooper v. Neven*, 641 F.3d at 332-33 (citing *Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985)).  Additionally, the Ninth Circuit ruled that: "Because we reverse many of the district court's procedural default findings . . . whether any of Cooper's claims run afoul of AEDPA's statute of limitations is a separate issue that must be addressed in the first instance by the district court on remand."  (ECF No. 103, at pp. 7-8; *Cooper v. Neven*, 641 F.3d at 328) (citation omitted).

By order filed June 24, 2011, the Ninth Circuit denied respondents' petition for rehearing.  (ECF No. 105).  Respondents filed a petition for a writ of certiorari in the United States Supreme Court.  (ECF No. 108).  The issuance of mandate was stayed until resolution of proceedings in the United States Supreme Court.  (ECF Nos. 106, 107, 109).  On November 7, 2011, the United States Supreme Court denied the petition for a writ of certiorari.  (ECF No. 110).  On November 8, 2011, the Ninth Circuit issued its mandate.  (ECF No. 111).  On November 14, 2011, this court entered its order on mandate. (ECF No. 112).

### H.  Recent Procedural History, 3:97-cv-0222-JCM-WGC

By order filed November 16, 2011, this court entered an order summarizing the rulings of the Ninth Circuit in *Cooper v. Neven*, 641 F.3d 322 (9th Cir. 2011) and directing respondents to file a response to the third amended petition, specifically addressing:  (a) grounds 7A(3), 8(5), and 8(3); (b) petitioner's *Brady*[2] and *Napue*[3] related grounds; (c) whether any of petitioner's claims are barred by the AEDPA's statute of limitations; and (d) any other arguments pertinent to the disposition of the third

---

[2]  In *Brady v. Maryland*, 373 U.S. 83 (1963), the United States Supreme Court held that the suppression by the prosecution of evidence favorable to an accused violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith of the prosecutor.

[3]  In *Napue v. Illinois*, 360 U.S. 264 (1959), the United States Supreme Court held that the knowing use of false or perjured testimony against a defendant to obtain a conviction is unconstitutional.

amended petition, not inconsistent with the Ninth Circuit's memorandum opinion of April 1, 2011. (ECF No. 113, at p. 2).

Respondents have filed a motion to dismiss the third amended petition, arguing that the third amended petition is untimely, that certain grounds are unexhausted, and that certain grounds are procedurally defaulted. (ECF No. 121). Petitioner, through counsel, has filed an opposition to the motion to dismiss, along with supplemental exhibits 135-143. (ECF Nos. 124 & 125). Respondents filed a reply. (ECF No. 131). As the motion is fully briefed, the court now addresses the motion to dismiss.

**II. Discussion**

    **A. Timeliness Issues**

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period

1    of limitations under this subsection.

2    28 U.S.C. § 2244(d).

3        There is no dispute among the parties that petitioner filed a timely *pro se* federal habeas petition,

4    prior to the expiration of the one-year AEDPA deadline. *See* 28 U.S.C. § 2244(d). The *pro se* petition

5    was signed on March 18, 1997, was received by this court on April 16, 1997, and was ordered to be filed

6    on April 23, 1997. (ECF Nos. 1-7).[4] The first issue this court must resolve is whether the third amended

7    petition, filed November 9, 2006, at ECF No. 51, relates back to the original federal habeas petition, at

8    ECF No. 4. *See Mayle v. Felix*, 545 U.S. 644 (2005).

9                              **1. Relation-Back Analysis**

10       Under Federal Rule of Civil Procedure 15, an amended pleading "relates back" to the original

11   pleading only if the acts described in the amended pleading are set forth in the original pleading. Fed.

12   R. Civ. P. 15(c)(2). An amended habeas petition only relates back if the amended claims are tied to the

13   "same core of operative facts" as alleged in the original petition. *Mayle v. Felix*, 545 U.S. 644, 664

14   (2005). In *Mayle*, the petitioner originally raised only a Confrontation Clause claim in his habeas

15   petition, based on the admission of video-taped prosecution witness testimony. 545 U.S. at 648-49.

16   After the one-year AEDPA statute of limitations had passed, petitioner then sought to amend his habeas

17   petition to allege a Fifth Amendment claim based on coercive police tactics used to obtain damaging

18   statements from him. *Id.* The factual basis for each claim was distinct. Petitioner then argued that his

19   amended claim related back to the date of his original habeas petition because the claim arose out of the

20   same trial, conviction or sentence. *Id.* at 659-661. In rejecting petitioner's argument the Supreme Court

21   held that if "claims asserted after the one-year period could be revived simply because they relate to the

22   same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim

23

24       [4] Pursuant to the "mailbox rule," federal courts deem the filing date of a document as the date
     that it was given to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988). At
25   numbered item 5, page 1, of the *pro se* federal petition, petitioner left blank the date on which he gave
     the petition to correctional staff for mailing to the court. (ECF No. 4, at p. 1). The *pro se* federal
26   petition bears petitioner's signature and date of "3-18-97." (*Id.*, at p. 14). For purposes of timeliness
     analysis, the court deems the *pro se* federal habeas petition to be filed on the earliest date it could have
     been given to prison officials for mailing to this court, the date of petitioner's signing, March 18, 1997.

significance." *Id.* at 662.

Ground 1 of the third amended petition alleges that petitioner's conviction is based on false testimony, as shown by the recantation of witness Donnell Wells, in violation of petitioner's rights to due process and a fair trial under the Fifth and Fourteenth Amendments to the United States Constitution. (ECF No. 51, at pp. 9-17). Ground 2 of the third amended petition asserts a claim that the prosecution failed to produce material evidence regarding witness Donnell Wells in violation of petitioner's rights to due process, a fair trial, and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution, and in violation of *Brady v. Maryland*, 397 U.S. 742 (1970), *Giglio v. United States*, 405 U.S. 150 (1971), and *Napue v. Illinois*, 360 U.S. 264 U.S. (1959). (ECF No. 51, at pp. 18-21). Neither the allegations of grounds 1 and 2, nor the facts in support of those grounds, appear in the original petition. (*See* ECF No. 4). Grounds 1 and 2 do not relate back to the original petition under the analysis pursuant to *Mayle v. Felix*, 545 U.S. 644 (2005). Comparing grounds 1 and 2 of the third amended petition (ECF No. 51) with the grounds in the original *pro se* habeas petition (ECF No. 4), this court finds that Grounds 1 and 2 of the third amended petition do not arise from a common core of operative facts, because the third amended petition asserts new grounds for relief supported by facts that differ in both time and type from those of the original petition. Grounds 1 and 2 of the third amended petition do not relate back to the original petition. Further discussion of the timeliness of grounds 1 and 2 of the third amended petition, the *Brady* and *Napue* related claims, appears *infra* at section II(A)(2)(a) of this order.

The court now turns to the other claims of the third amended petition that respondents argue are untimely, which include grounds 7(A)(3), 8(5), and 8(3). Ground 7(A)(3) of the third amended petition asserts that petitioner's trial counsel was ineffective for failing to object to alleged prosecutorial misconduct, which included improper vouching regarding the credibility of witness Wells. (ECF No. 51, at pp. 37-38). In the original petition, petitioner alleges at ground 3 that "petitioner's counsel at trial was deficient for several reasons," among those reasons were that counsel "failed to object to prosecutor's vouching for witnesses." (ECF No. 4, at p. 7). Comparing ground 7(A)(3) of the third

1 amended petition to ground 3 of the original petition, the court finds that ground 7(A)(3), alleging that

2 petitioner's trial counsel was ineffective for failing to object to alleged prosecutorial misconduct,

3 including improper vouching regarding the credibility of witness Wells, relates back to the original

4 petition and is therefore timely.

5       Ground 8(5) of the third amended petition alleges that appellate counsel was ineffective for

6 failing to raise on direct appeal the trial court's improper questioning and attempts to rehabilitate

7 Donnell Wells. (ECF No. 51, at p. 40). In the original petition, petitioner asserted that appellate counsel

8 was ineffective for failing to raise the issue of "canvassing of the witness as to his religious beliefs."

9 (ECF No. 4, at p. 8-A). Petitioner further alleged in the original petition that: "The court's canvassing

10 of a State's witness, Donnell Wells, about his religious beliefs is also a matter that should have been

11 raised on direct appeal but was not." (ECF No. 4, at p. 9-B). Ground 8(5) of the third amended petition

12 relates back to the original petition because the claim is tied to the "same core of operative facts,"

13 concerning the trial court's questioning and alleged attempts to rehabilitate Wells, as alleged in the

14 original petition.

15       Ground 8(3) of the third amended petition alleges that appellate counsel was ineffective for

16 failing to raise on direct appeal prosecutorial vouching for the credibility of witness Donnell Wells.

17 (ECF No. 51, at p. 40). In the original petition, at ground 4, petitioner alleges the ineffective assistance

18 of appellate counsel, including a list of issues that should have been raised on direct appeal. (ECF No.

19 4, at p. 8-A, 9-C). Petitioner further alleges that "additional facts presented in support of these claims

20 were alleged in the state petition for post-conviction relief." (ECF No. 4, at p. 9-C). Petitioner states

21 that his first post-conviction petition, the briefing on appeal, and the Nevada Supreme Court's order

22 denying relief, all discuss the issue of ineffective assistance of appellate counsel based on his failure to

23 raise the issue of prosecutorial vouching for the credibility of Donnell Wells. This court ordered these

24 exhibits to be filed in this case with the petition. (ECF No. 3). Pursuant to Rule 10(c) of the Federal

25 Rules of Civil Procedure: "A copy of a written instrument that is an exhibit to the pleading is a part of

26 the pleading for all purposes." Fed. R. Civ. P. 10(c). Rule 12 of the Rules Governing Section 2254

Cases in the United States District Courts provides that: "The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." As such, Rule 10(c) of the Federal Rules of Civil Procedure governs this issue. S*ee e.g. Dye v. Hofbauer*, 546 U.S. 1, 4 (2005) (holding that Fed. R. Civ. P. 10(c) applies to federal habeas corpus proceedings, such that exhibits to the pleading are considered part of the pleading). The court finds that the exhibits referenced in the original petition are considered part of the petition itself. Comparing the original petition, at ground 4, where petitioner alleges the ineffective assistance of appellate counsel, including "additional facts presented in support of these claims were alleged in the state petition for post-conviction relief," which were filed as exhibits to the petition, to Ground 8(3) of the third amended petition, the court finds that ground 8(3) of the third amended petition relates back to the original petition, as it is tied to the same core of operative facts as alleged in the original petition and exhibits to the same.

### 2. Grounds 1 and 2: *Brady* and *Napue* Related Claims

Ground 1 of the third amended petition (the *Napue* claim) alleges that petitioner's conviction is based on false testimony, as shown by the recantation of witness Donnell Wells, in violation of petitioner's rights to due process and a fair trial under the Fifth and Fourteenth Amendments to the United States Constitution. (ECF No. 51, at pp. 9-17). Ground 2 of the third amended petition asserts a claim that the prosecution failed to produce material evidence regarding witness Donnell Wells in violation of petitioner's rights to due process, a fair trial, and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution, and in violation of *Brady v. Maryland*, 397 U.S. 742 (1970), *Giglio v. United States*, 405 U.S. 150 (1971), and *Napue v. Illinois*, 360 U.S. 264 U.S. (1959). (ECF No. 51, at pp. 18-21). The Ninth Circuit, in its memorandum opinion, referred to grounds 1 and 2 of the third amended petition as the "*Brady* and *Napue* related claims," with ground 1 being the *Napue* related claim and ground 2 being the *Brady* related claim. (*See* ECF No. 103, at p. 13; *Cooper v. Neven*, 641 F.3d at 332). Respondents assert that grounds 1 and 2 of the third amended petition are untimely because they do not relate back to the original *pro se* habeas petition. Petitioner asserts that

1  grounds 1 and 2 are timely pursuant to 28 U.S.C.

2  § 2244(d)(1)(D) and § 2244(d)(1)(B), both of which alter the triggering date of the AEDPA statute of

3  limitations.   Petitioner bases his arguments on the newly discovered evidence of Donnell Wells'

4  recantation and the prosecutor's failure to disclose evidence and inducement of Wells to testify against

5  Cooper.

6                              **a.  28 U.S.C. § 2244(d)(1)(D)**

7          Pursuant to 28 U.S.C. § 2244(d)(1)(D), the one-year statute of limitation runs from the date on

8  which the factual predicate of the claim or claims presented could have been discovered through the

9  exercise of due diligence.  Petitioner asserts that the statute of limitations should run from July 30, 1997,

10  the date that Wells signed the declaration recanting his earlier trial testimony that he saw petitioner shoot

11  the victim.  Wells recanted his trial testimony stating that he did not see who shot the victim.  (Exhibit

12  99, Appendix 3A).  Wells stated in the declaration that he was told by investigators from the district

13  attorney's office as to how he should testify, with the promise of money for his testimony.  (*Id.*).

14  Knowledge of Wells' recantation was not available to petitioner until Wells decided to recant on July

15  30, 1997.  *See Quezada v. Scribner,* 611 F.3d 1165, 1167-68 (9th Cir. 2010) (finding amended petition

16  alleging that the State withheld evidence of compensation paid to the State's witness in violation of

17  *Brady v. Maryland* timely pursuant to § 2244(d)(1)(D), as the AEDPA's one-year statute of limitations

18  does not run until the date on which the factual predicate of the claims could have been discovered

19  through the exercise of due diligence); *see also Daniels v. Uchtman*, 421 F.3d 490-92 (7th Cir. 2005)

20  (under § 2244(d)(1)(D), the one-year statute of limitations period begins to run when a witness executes

21  an affidavit recanting his trial testimony because the predicate facts are deemed to arise on that date).

22          Regarding due diligence required to invoke § 2244(d)(1)(D), the court recognizes that the

23  recantation of perjured testimony is not the type of evidence that ordinarily can be obtained through the

24  exercise of due diligence.  The court further recognizes that a petitioner must have the resources and

25  means to pursue litigation when such information becomes available.  *See, e.g. Moore v. Knight*, 368

26  F.3d 936, 939-40 (7th Cir. 2004) ("a due diligence inquiry should take into account that prisoners are

limited by their physical confinement"). In the instant case, after the dismissal of his 1986 state post-conviction habeas petition (from 1988 to 1997), petitioner had no counsel and litigated his case *pro se*. Petitioner did not have a lawyer appointed until April 23, 1997, when this court appointed the federal public defender to represent him in the instant case. (ECF No. 3). Petitioner could not have known of Wells' recantation any earlier than he did, July 30, 1997, the date of the signed recantation declaration. Petitioner did not delay in presenting his claims to the Nevada courts on August 21, 1997, and to this court in the second amended petition filed February 17, 1998. (Exhibit 73 & ECF No. 23). Petitioner was diligent in discovering the factual predicate supporting his *Brady* and *Napue* related claims, at grounds 1 and 2 of the third amended petition, for purposes of invoking § 2244(d)(1)(D).

In summary, on July 30, 1997, Wells signed a declaration in which he recanted his trial testimony, stating that he did not see who shot the victim and that he was told by investigators from the district attorney's office as to how he should testify, with the promise of money for his testimony. (Exhibit 99, Appendix 3A). Knowledge of Wells' recantation was not available to petitioner until Wells signed the declaration recanting his trial testimony on July 30, 1997. The factual predicate of the *Brady* and *Napue* related claims, grounds 1 and 2 of the third amended petition, could not have been discovered by petitioner until July 30, 1997. This triggered a new one-year statute of limitations under § 2244(d)(1). The federal limitations period for Grounds 1 and 2 commenced on July 30, 1997, pursuant to § 2244(d)(1)(D). Petitioner's second amended petition was timely filed on February 17, 1998, prior to the expiration of the one-year statute of limitations. (ECF No. 23). The second amended petition contains allegations of the prosecutor's failure to produce material evidence regarding Donnell Wells, specifically, promises of money made to Wells in exchange for his trial testimony and Well's recantation. (ECF No. 23, at pp. 12-15; Appendix B). Grounds 1 and 2 of the third amended petition, the *Brady* and *Napue* related claims, are tied to the "same core of operative facts" as alleged in the second amended petition, and as such, grounds 1 and 2 of the third amended petition are timely. 28 U.S.C. § 2244(d)(1)(D); *Quezada v. Scribner*, 611 F.3d 1165 9th Cir. 2010) (finding amended petition alleging that the State withheld evidence of compensation paid to the State's witness in violation of

13

1   *Brady* timely pursuant to § 2244(d)(1)(D), as the AEDPA's one-year statute of limitations does not run

2   until the date on which the factual predicate of the claims could have been discovered through the

3   exercise of due diligence); *Mayle v. Felix*, 545 U.S. 644, 664 (2005).

4                                   **b.  28 U.S.C. § 2244(d)(1)(B)**

5          Pursuant to 28 U.S.C. § 2244(d)(1)(B), the one-year statute of limitation runs "from the date on

6   which the impediment to filing an application created by State action in violation of the Constitution or

7   laws of the United States is removed, if the applicant was prevented from filing by such State action."

8   Petitioner asserts that Grounds 1 and 2 are timely because the prosecutor's misconduct, coupled with

9   the failure to disclose financial benefits given to Wells, was a state created impediment to the filing of

10  petitioner's *Brady* and *Napue* claims.

11         This court is not convinced that the *Brady* or *Napue* violations alleged in this case presented an

12  "impediment" to petitioner's filing of a habeas petition to trigger a new one-year statute of limitations

13  under § 2244(d)(1)(B), within the meaning of the statute.  *See Shannon v. Newland*, 410 F.3d 1083, 1087

14  (9th Cir. 2005) (ruling that state appellate court decision, which was subsequently overruled by the state

15  supreme court, did not constitute an "impediment" to petitioner's filing of a habeas petition under §

16  2244(d)(1)(B), because "[h]e was free to *file* such a petition at any time.") (emphasis in original).  "The

17  limited case law applying § 2244(d)(1)(B) has dealt almost entirely with the conduct of state prison

18  officials who interfere with inmates' ability to prepare and to file habeas petitions by denying access to

19  legal materials." *Shannon*, 410 F.3d at 1087 (citing *Whalem/Hunt v. Early*, 233 F.3d 1146 (9th Cir. 2000)

20  (en banc); *Egerton v. Cockrell*, 334 F.3d 433 (5th Cir. 2003)).  "These cases comport with the plain

21  meaning of the provision, which applies when a petitioner has been impeded from *filing* a habeas

22  petition." *Shannon*, 410 F.3d at 1088 (emphasis in original).  Given the controlling Ninth Circuit case

23  law and the limited scope of the application of § 2244(d)(1)(B), this court declines to find that the *Brady*

24  or *Napue* violations alleged in Grounds 1 and 2 in this case presented an "impediment" to petitioner's

25  filing of a habeas petition to trigger a new one-year statute of limitations under § 2244(d)(1)(B), within

26  the plain meaning of the statute.  *See Shannon v. Newland*, 410 F.3d 1083 (9th Cir. 2005).  As discussed

1    *supra*, at section II(A)(2)(a) of this order, grounds 1 and 2 of the third amended petition are timely

2    pursuant to § 2244(d)(1)(D).

3        **B. Exhaustion Issues**

4            **1. Exhaustion Standard**

5          A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has

6    exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28

7    U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims

8    before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844

9    (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the

10   petitioner has given the highest available state court the opportunity to consider the claim through direct

11   appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004);

12   *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

13         A habeas petitioner must "present the state courts with the same claim he urges upon the federal

14   court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim,

15   not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v.*

16   *Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve

17   exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the

18   United States Constitution" and given the opportunity to correct alleged violations of the prisoner's

19   federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106

20   (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to

21   potential litigants: before you bring any claims to federal court, be sure that you first have taken each

22   one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S.

23   509, 520 (1982)).

24         A claim is not exhausted unless the petitioner has presented to the state court the same operative

25   facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. of*

26   *Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). In the Ninth Circuit, fair presentation is accomplished

if the prisoner is "making a claim under the United States Constitution . . . and describes both the operative facts and the federal legal theory on which his claim is based." *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005), quoting *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003) (internal citations omitted). The presentation requirement is satisfied even when the state's highest court refuses or neglects the opportunity to resolve the federal issue. *Dye v. Hofbauer*, 546 U.S. 1, 2 (2005) ("Failure of a state appellate court to mention a federal claim does not mean the claim was not presented to it.") (per curium). Conversely, a federal claim is exhausted if the state appellate court rules upon it, even though it was not fairly presented. *Casey v. Moore*, 386 F.3d 896, 916, n.18 (9th Cir. 2004) ("Of course, a claim is exhausted if the state's highest court expressly addresses the claim, whether or not it was fairly presented.") (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

In general, the exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982). However, a federal habeas petition may present new, additional, or supplemental facts that were not considered in the state court, so long as the evidence does not "fundamentally alter the legal claim already considered by the state courts." *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986); *see also Lopez v. Schiro*, 491 F.3d 1029, 1040 (9th Cir. 2007); *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999).

### 2. Grounds 1 and 2

Respondents argue that grounds 1 and 2 of the petition are unexhausted. Ground 1 of the third amended petition alleges that petitioner's conviction is based on false testimony, as shown by the recantation of witness Donnell Wells, in violation of petitioner's rights to due process and a fair trial under the Fifth and Fourteenth Amendments to the United States Constitution. (ECF No. 51, at pp. 9-17). Ground 2 of the third amended petition asserts a claim that the prosecution failed to produce material evidence regarding witness Donnell Wells in violation of petitioner's rights to due process, a fair trial, and equal protection under the Fifth and Fourteenth Amendments to the United States

Constitution, and in violation of *Brady v. Maryland*, 397 U.S. 742 (1970), *Giglio v. United States*, 405 U.S. 150 (1971), and *Napue v. Illinois*, 360 U.S. 264 U.S. (1959).  (ECF No. 51, at pp. 18-21).  The Ninth Circuit, in its memorandum opinion, referred to grounds 1 and 2 of the third amended petition as the "*Brady* and *Napue* related claims."  (*See* ECF No. 103, at p. 13; *Cooper v. Neven*, 641 F.3d at 332).

In the present motion to dismiss, respondents argue that grounds 1 and 2 of the third amended petition are not exhausted.  (ECF No. 121, at pp. 21-22).  Respondents note that, in their previous motion to dismiss filed April 6, 2007, they argued that several grounds of the third amended petition are unexhausted.  (ECF No. 121, at p. 21).  However, in the present motion before the court, respondents do not reassert all of the exhaustion arguments contained in the previous motion to dismiss.  (ECF No. 72, at pp. 15-29).

In the order of August 11, 2008, this court did not address respondents' previous exhaustion arguments, because the court instead ruled that the claims in the third amended petition were procedurally defaulted.  (ECF No. 91).  In a published decision, filed on April 1, 2011, the Ninth Circuit affirmed in part, reversed in part, and remanded the case to this court.  (ECF No. 103; *Cooper v. Neven*, 641 F.3d 322 (9th Cir. 2011)).  The Ninth Circuit reversed this court's finding of procedural default with respect to the *Brady* and *Napue* related claims.  (ECF No. 103, at pp. 13-15; *Cooper v. Neven*, 641 F.3d at 332-33).  Petitioner's *Brady* and *Napue* related claims include grounds 1 and 2.  (*Id.*).

In the present motion to dismiss, respondents argue that, "contrary to the Ninth Circuit's assertion, this Court's determination regarding procedural bars did not render moot respondents' arguments regarding exhaustion."  (ECF No. 121, at p. 21).  The Ninth Circuit rejected respondents' argument on appeal that this court should have considered whether petitioner's claims were exhausted before considering whether the claims were procedurally barred.  (ECF No. 103, at pp. 6-7; *Cooper v. Neven*, 641 F.3d at 327-328).  The Ninth Circuit ruled that "it was unnecessary for the district court to address whether Cooper's claims were exhausted, as the issue was rendered moot by the district court's procedural default analysis."  (*Id.*, at p. 7; *Cooper v. Neven*, 641 F.3d at 328).  The Ninth Circuit ruled, as to the "the *Brady* and *Napue* related claims," which are Grounds 1 and 2 of the third amended

1   petition: "Cooper does not dispute that he defaulted on these claims; rather, he argues that the state

2   procedural rules under which the Nevada courts denied his claims were not independent of federal law.

3   We agree." (*Id.*, at p. 13; *Cooper v. Neven*, 641 F.3d at 332).   The Nevada Supreme Court found

4   petitioner's third post-conviction habeas petition barred by two procedural rules, NRS 34.726(1) and

5   NRS 34.810(2).  These procedural rules contain a cause-and-prejudice exception at NRS 34.726(1) and

6   NRS 34.810(3).  The Ninth Circuit found that the procedural rules under which the Nevada Supreme

7   Court denied Grounds 1 and 2 were not independent of federal law:

8               In this case, the Nevada Supreme Court explicitly relied on its federal
               *Brady* analysis as controlling the outcome of its state procedural default
9               analysis.  It stated, 'The second and third *Brady* components parallel the
               good cause and prejudice necessary to overcome the procedural bars;
10              therefore, proving that the State withheld evidence generally establishes
               cause, and proving that the withheld evidence was material establishes
11              prejudice.'  Unlike other cases, where discussion of the merits of a claim
               occurs simply to determine whether the claim could have been raised
12              earlier, here the claim is itself the justification for the default.  As the
               Nevada Supreme Court explained, in the context of *Brady* claims, the
13              merits of the claim dovetail exactly with the cause-and-prejudice analysis.
               Thus, its decision did not rest on an independent state ground and does
14              not bar federal habeas review.

15   (ECF No. 103, at p. 15; *Cooper v. Neven*, 641 F.3d at 332-333) (internal citation omitted).  Inherent in

16   the Ninth Circuit's ruling is the fact that the Nevada Supreme Court reviewed grounds 1 and 2 on the

17   merits, in order to make a determination that the claims were defaulted, which included a cause-and-

18   prejudice analysis, at which point the Nevada Supreme Court examined the merits of the *Brady* claim.

19   (Exhibit 124, at pp. 12-18, Nevada Supreme Court order of March 2, 2006).  If the highest state court

20   considers the merits of the claim, then exhaustion is satisfied.  *Cooper v. Neven*, 641 F.3d at 331; *see*

21   *also Chambers v. McDaniel*, 549 F.3d 1191, 1195-96 (9th Cir 2008) (petitioner exhausted claims even

22   though state supreme court denied petition by stating simply that petition and documents filed were

23   considered); *Greene v. Lambert*, 288 F.3d 1081, 1087-88 (9th Cir. 2002) (holding that petitioner

24   exhausted claim by presenting it in motion for reconsideration to the state supreme court where court

25   considered merits of claim).  Since the Ninth Circuit determined that the *Brady/Napue* claims, grounds

26   1 and 2 of the third amended petition, were considered by the Nevada Supreme Court on the merits,

these grounds are exhausted.  Moreover, because exhaustion and procedural default defenses were decided by the Ninth Circuit, the law of the case doctrine prevails.  Under the "law of the case" doctrine, a court is generally precluded from considering an issue that has already been decided by the same court, or a higher court in the identical case.  *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997). To the extent that the Ninth Circuit has ruled in this case that the *Brady/Napue* claims in grounds 1 and 2 were considered by the Nevada Supreme Court and are exhausted, this court is precluded from considering respondents' exhaustion arguments as to these claims.

Even assuming that the court was not precluded from reviewing the exhaustion issue under the doctrine of law of the case, the state court filings establish that grounds 1 and 2 of the third amended petition were fairly presented to the Nevada Supreme Court.  Petitioner presented these claims in his third post-conviction state habeas petition.  (Exhibit 73).  Petitioner further presented the claims in his opening brief to the Nevada Supreme Court (Exhibit 117) and in his reply brief (Exhibit 119).

Respondents assert that ground 1 was "never presented as a substantive claim to the state courts" and that ground 1 was raised solely "to show cause to overcome the state procedural bars."  (Exhibit 121, at p. 22).  This argument is incorrect, because Wells' recantation was raised as a substantive ground for relief in petitioner's third state post-conviction petition.  (Exhibit 73, at pp. 10-13).  Attached to the petition was a copy of Wells' declaration wherein he recants his trial testimony.  (Exhibit 73; Exhibit 99, Appendix 3A).  In the Nevada Supreme Court's order of remand, filed July 24, 2000, it directed the state district court to hold an evidentiary hearing on Wells' recantation his trial testimony and petitioner's allegation that the prosecutor withheld evidence that Wells had allegedly been paid by the police for his testimony.  (Exhibit 81, at p. 3).  In its order of remand, the Nevada Supreme Court was aware of the overlapping procedural and substantive aspects of petitioner's allegation of witness recantation and the withholding of evidence by the prosecution:  "We remand this matter to the district court for an evidentiary hearing to determine whether appellant demonstrated adequate cause to excuse the procedural defects in his petition pursuant to <u>Murray v. Carrier</u>, and if so, whether appellant is entitled to relief on this claim pursuant to <u>Callier</u>."  (Exhibit 81, at pp. 3-4).  The *Callier* case addresses

Nevada's requirements for an adjudication on the merits of a witness recantation claim. *Callier v. Warden*, 111 Nev. 976, 901 P.2d 619, 627-28 (1995). This demonstrates that the claim was considered on its merits in the Nevada state courts.

At the evidentiary hearing in the state district court, held on February 27, 2004, testimony was taken from witnesses that included Donnell Wells, former investigator for the federal public defender, Venus Lovetere, and retired district attorney Mel Harmon, with respect to Wells' recantation and the state's alleged withholding of information from the defense. (Exhibit 100). Documentary evidence of Wells' declaration and witness voucher forms comprised some of the documents introduced into evidence at the hearing. (Exhibit 99). Following the state district court's denial of the third state post-conviction habeas petition, on appeal to the Nevada Supreme Court, petitioner raised as "Issue B" the following: "Whether Cooper's demonstration of cause and prejudice also necessarily establishes that he is entitled to relief on the merits as to his post-conviction grounds for relief." (Exhibit 117, at p. 1). Petitioner's opening brief and reply brief demonstrate that petitioner presented the issue of Wells' recantation as a substantive claim to the Nevada Supreme Court. (Exhibit 177, at pp. 28-35; Exhibit 119, at pp. 30-37). And, as determined by the Ninth Circuit with respect to grounds 1 and 2, the Nevada Supreme Court in its order of March 2, 2006 explicitly relied on its federal *Brady* analysis as controlling the outcome of its state procedural default analysis. (ECF No. 103, at p. 15; *Cooper v. Neven*, 641 F.3d at 332-33; Exhibit 124, at pp. 13-14). The court finds that ground 1 of the third amended petition is exhausted.

Turning to ground 2 of the third amended petition, petitioner alleges that his constitutional rights to due process, a fair trial, and equal protection were violated because the prosecution failed to produce to the defense material evidence regarding Wells. (ECF No. 51, at pp. 18-21). In ground 2, petitioner alleges that the prosecution's failure to turn over material, exculpatory, and impeachment evidence violated *Brady v. Maryland*, 397 U.S. 742 (1970), *Giglio v. United States*, 405 U.S. 150 (1971), and *Napue v. Illinois*, 360 U.S. 264 (1950). (ECF No. 51, at p. 18). With respect to ground 2 of the first amended petition, respondents argue that a "somewhat similar" claim was presented to the Nevada state

courts. (ECF No. 121, at p. 22). Petitioner argues that ground 2 is not "somewhat similar" to the claim presented to the state district court and the Nevada Supreme Court, but is the exact same claim presented to the Nevada state courts. (ECF No. 124, at p. 24). The Nevada Supreme Court specifically noted in its order of remand: "In his petition, appellant claimed, <u>inter alia</u>, . . . that the prosecutor withheld evidence that Donnell Wells had allegedly been paid by the police for his testimony." (Exhibit 81, at p. 3). As he argues in this court, petitioner argued in the Nevada state courts that he is entitled to relief on the merits of his *Brady/Giglio/Napue* claim and that the two arguments (the *Brady* violation asserted both on the merits and as a defense to procedural default) were inextricably intertwined, factually and legally. (*See, e.g.* Exhibit 105, at pp. 7, 10, 27). This argument was accepted by the Ninth Circuit with respect to both grounds 1 and 2. (ECF No. 103, at p.13-15; *Cooper v. Neven*, 641 F.3d at 332-33). After petitioner's third state habeas petition was denied by the state district court, petitioner's opening brief to the Nevada Supreme Court presented this argument: "Cooper's demonstration of cause and prejudice (<u>Brady</u> violation and/or witness recantation) necessarily establishes that he is entitled to relief on the merits." (Exhibit 117, at p. 28). The Nevada Supreme Court's order of affirmance analyzed and denied relief on the claim raised in ground 2, on both procedural and merits grounds: "To sum up, we conclude that substantial evidence supports finding that the investigators did not act improperly and therefore that the State did not withhold evidence in violation of <u>Brady</u>." (Exhibit 124, at p. 17). If the highest state court considers the merits of the claim, then exhaustion is satisfied. *Cooper v. Neven*, 641 F.3d at 331; *see also Chambers v. McDaniel*, 549 F.3d 1191, 1195-96 (9th Cir 2008) (petitioner exhausted claims even though state supreme court denied petition by stating simply that petition and documents filed were considered); *Greene v. Lambert*, 288 F.3d 1081, 1087-88 (9th Cir. 2002) (holding that petitioner exhausted claim by presenting it in motion for reconsideration to the state supreme court where court considered merits of claim). Because the Nevada Supreme Court ruled on the merits for the *Brady* claim, this court finds that ground 2 of the third amended petition is exhausted.

### 3. Presentation of Exhibits 38, 49, 59, 129, 130, 131, 132, and 133

Respondents argue that the presentation of exhibits 38, 49, 59, 129, 130, 131, 132, and 133

1  renders ground 1 of the third amended petition unexhausted.  Respondents urge that these exhibits have

2  not been presented to the Nevada state courts.  (ECF No. 121, at pp. 25-26).

3        Petitioner filed exhibits 1-133 in this court on November 14, 2006, days after filing the third

4  amended petition on November 9, 2006.  (ECF Nos. 52-66; ECF No. 51).  In the opposition to the

5  motion to dismiss, petitioner provides the court with a description of each exhibit (and its component

6  parts) challenged by respondents, and states that all such exhibits were presented to the state district

7  court or the Nevada Supreme Court, with the exception of exhibit 59.  (ECF No. 124, at pp. 29-30).

8  Exhibit 59 is a letter dated April 10, 1991 by inmate law clerk William Beury to the State Bar of

9  California attempting to locate petitioner's post-conviction counsel.  Exhibit 59 was not presented to the

10  Nevada state courts, however, its presence does not render any of petitioner's claims unexhausted.  The

11  court rejects respondents' argument that exhibits 38, 49, 59, 129, 130, 131, 132, and 133 render ground

12  1 of the third amended petition unexhausted. *See Vasquez v. Hillery*, 474 U.S. 254, 260 (1986) (a federal

13  habeas petition may present new, additional, or supplemental facts that were not considered in the state

14  court, so long as the evidence does not "fundamentally alter the legal claim already considered by the

15  state courts"); *see also Lopez v. Schiro*, 491 F.3d 1029, 1040 (9th Cir. 2007); *Weaver v. Thompson*, 197

16  F.3d 359, 364 (9th Cir. 1999).

17        **C. Procedural Bar Arguments**

18        In the present motion to dismiss, respondents continue to argue that grounds 1 and 2 are

19  procedurally barred from review by this court.  (ECF No. 121, at p. 23).  Respondents argue that the

20  Nevada Supreme Court held that the third state habeas petition was barred by latches pursuant to NRS

21  34.800, and, notwithstanding the Ninth Circuit's decision, every claim that was presented in Cooper's

22  third state post-conviction action, including Grounds 1 and 2, is procedurally barred.  (ECF No. 121, at

23  p. 23, lines 5-9).

24        The Nevada Supreme Court, in its order denying petitioner's third state habeas petition, identified

25  each of the three procedural default grounds, including NRS 34.726 (untimely), 34.810 (successive), and

26  34.800 (latches).  (Exhibit 124, at p. 2).  The Nevada Supreme Court found that the petition was

procedurally barred. (*Id.*, at p. 18). In its analysis of cause-and-prejudice regarding all three procedural defaults, the Nevada Supreme Court's decision was directed at and intertwined with petitioner's *Brady/Napue/Giglio* claims, and as such, none of the procedural defaults were independent of federal law. (Exhibit 124, at pp. 12-18). In its opinion in the instant case, the Ninth Circuit specifically ruled that: "As the Nevada Supreme Court explained, in the context of *Brady* claims, the merits of the claim dovetail exactly with the cause-and-prejudice analysis. Thus, its decision did not rest on an independent and adequate state ground and does not bar federal habeas review." (ECF No. 103, at p. 15; *Cooper v. Neven*, 641 F.3d at 333). The Ninth Circuit's opinion determining that the Nevada Supreme Court's review of all three procedural defaults was not based on independent and adequate state grounds necessarily included the Nevada Supreme Court's review of the latches procedural default argument. The Ninth Circuit's mandate was clear: "[W]e reverse the district court's finding of procedural default with respect to Cooper's *Brady* and *Napue* related claims, and remand to the district court for further proceedings." (ECF No. 103, at p. 15; *Cooper v. Nevada*, 641 F.3d at 333). Because the Ninth Circuit's ruling that the Nevada Supreme Court's decision concerning the procedural defaults did not rest on independent and adequate state grounds, this court rejects respondents' argument that grounds 1 and 2 of the third amended federal petition, or any portion of the petition, is procedurally barred from federal review. *Cooper v. Nevada*, 641 F.3d at 332-33 (citing *Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985)).

**III.  Conclusion**

IT IS THEREFORE ORDERED that respondents' motion to dismiss (ECF No. 121) is **DENIED IN ITS ENTIRETY.**

IT IS FURTHER ORDERED that respondents **SHALL FILE AND SERVE AN ANSWER** to **grounds 1, 2, 7(A)(3), 8(3), and 8(5)** of the third amended petition within **thirty (30) days** from the entry of this order. The answer shall include substantive arguments on the merits of the specified grounds of the third amended petition. **No further motions to dismiss will be entertained**.

IT IS FURTHER ORDERED that petitioner **SHALL FILE AND SERVE A REPLY** to the answer, within **thirty (30) days** after being served with the answer.

1    **IT FURTHER IS ORDERED** that if any further exhibits are filed by the parties, they shall be

2   filed with a separate index of exhibits identifying the exhibits by number.  The CM/ECF attachments

3   that are filed further shall be identified by the number or numbers of the exhibits in the attachment.  The

4   hard copy of any additional exhibits shall be forwarded – for this case – to the staff attorneys in **Reno,**

5   **Nevada.**

6        Dated March 28, 2013.

7

8                                          UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

24